Richard M. Pachulski (CA Bar No. 90073)
Jeremy V. Richards (CA Bar No. 102400)
Jeffrey W. Dulberg (CA Bar No. 181200)
Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: rpachulski@pszjlaw.com; jrichards@pszjlaw.com;
jdulberg@pszjlaw.com

Attorneys for David K. Gottlieb,
Chapter 7 Trustee for: KSL Media, Inc.; T.V. 10's, LLC; and
Fulcrum 5, Inc.

FILED JUN 24 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>KSL MEDIA, INC., *et al.*,<br><br>Debtors.<br><br>☐ Affects KSL Media, Inc.<br>☐ Affects T.V. 10's, LLC<br>☐ Affects Fulcrum 5, Inc.<br>☒ Affects All Debtors. | Case No.: 1:13-bk-15929-AA<br><br>[Jointly Administered with Case Nos.: 1:13-bk-15930-AA and 1:13-bk-15931-AA]<br>Chapter 7 |
| DAVID K. GOTTLIEB, as Chapter 7 Trustee for KSL Media, Inc.; DAVID K. GOTTLIEB, as Chapter 7 Trustee for T.V. 10's, LLC; and DAVID K. GOTTLIEB, as Chapter 7 Trustee for Fulcrum 5, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>CUMBERLAND PACKING CORP., a New York corporation; JEM PARTNERS, LLC, a New York limited liability company,<br><br>Defendants. | Adv. No. 1:14-ap-01059<br><br>**MOTION OF PLAINTIFF TO FILE EXHIBIT "A" TO COMPLAINT UNDER SEAL**<br><br>[No Hearing Required] |

DOCS_LA:278819.1 47516/003

1

**TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE:**

David K. Gottlieb, in his capacity as the Chapter 7 Trustee in the above-encaptioned bankruptcy cases and Plaintiff in the within adversary proceeding (the "Trustee" or "Plaintiff"), hereby moves ("Motion") the Court for an order pursuant to Local Bankruptcy Rule 5003-2(c) to file under seal a copy of that document referenced in the Complaint [Docket No. 1] as Exhibit "A" thereto, which document is submitted herewith in a sealed envelope.

The Motion is made on the grounds that (and as stated in the Complaint at p.3, fn. 1), Exhibit "A" to the Complaint is a settlement agreement styled "Confidential" and contains broad confidentiality provisions. Defendant Cumberland has not agreed that same can be filed in open Court and has asserted in its *Amended Motion for More Definitive Statement Pursuant to FRCP 12(e)* [Docket No. 10] that it is impeded in filing an answer to the Complaint by reason of its need to reference Exhibit "A."

On June 16, 2014, Defendants Cumberland Packing Corp. and JEM Partners, LLC ("Defendants") and the Trustee entered into a *Stipulation Regarding Confidentiality* (the "Stipulation"), which was filed that date by Defendants [Docket No. 18], followed on June 17, 2014 by the lodgment of a *Protective Order Approving Stipulation Regarding Confidentiality* [Docket No. 19] (the "Protective Order"), which Order was entered by the Court on June 23, 2014 [Docket No. 24]. The Stipulation was entered, in part, to facilitate the filing of documents and pleadings under seal that contain information declared by a party to be confidential.

Paragraph 6 of the Protective Order provides, in relevant part:

> Any pleading or other document quoting, attaching, referencing, discussing or otherwise disclosing any document, material, or information governed by this Protective Order shall be filed with the Court, if it is allowed to be filed at all, under seal or shall have those portions that contain CONFIDENTIAL material filed under seal. Further, this Protective Order constitutes an order under and subject to the provisions of 11 U.S.C. § 107, Federal Rule of Bankruptcy Procedure 9018, and Local Bankruptcy Rule 5003-2(c). Any filing of any pleading or other documents or papers with the Court under seal pursuant to this Protective Order shall comply with the requirements of Local Bankruptcy Rule 5003-2(c).

DOCS_LA:278819.1 47516/003

2

1  Plaintiff therefore respectfully requests that the Court issue an order permitting Exhibit "A" to the Complaint to be filed with the Court under seal, subject to the Court's *in camera* review in considering the pleadings on file (and to be filed) in this adversary proceeding.

Dated: June 24, 2014

PACHULSKI, STANG, ZIEHL & JONES LLP

By /s/ Richard M. Pachulski
Richard M. Pachulski
Jeremy V. Richards
Jeffrey W. Dulberg
Steven J. Kahn

Attorneys for Plaintiff
David K. Gottlieb, Chapter 7 Trustee for KSL Media, Inc.; David K. Gottlieb, Chapter 7 Trustee for T.V. 10's, LLC; and David K. Gottlieb, Chapter 7 Trustee for Fulcrum 5, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Local Bankruptcy Rule 5003-2(c) permits the filing of a paper under seal upon prior approval of the Bankruptcy Court through a written motion and proposed order presented to the Court along with the paper submitted for filing under seal. Section 107(b) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), provides bankruptcy courts with the power to issue orders that will protect entities from potential harm from the disclosure of sensitive information. Section 107(b), in relevant part, provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b). Section 107(b) of the Bankruptcy Code does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Additionally, Rule 9018 of the Federal Rules of Bankruptcy Procedure states, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018. Finally, pursuant to 11 U.S.C. § 105(a), the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

Good cause exists for the filing of Exhibit "A" to the Complaint under seal in that public revelation of the subject agreement would violate both its terms and the Protective Order issued by the Court, and entered so as to protect Defendants' and non-parties' interests in the information divulged or discussed therein.

Therefore, Plaintiff respectfully requests that the Court enter the form of order submitted herewith and permit the filing of Exhibit "A" to the Complaint under seal.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 24, 2014 | PACHULSKI STANG, ZIEHL & JONES LLP |
| 3 | | By /s/ |
| 4 | | Richard M. Pachulski<br>Jeremy V. Richards<br>Jeffrey W. Dulberg |
| 5 | | Steven J. Kahn |
| 6 | | Attorneys for Plaintiff |
| 7 | | David K. Gottlieb, Chapter 7 Trustee for<br>KSL Media, Inc.; David K. Gottlieb, Chapter<br>7 Trustee for T.V. 10's, LLC; and David K. |
| 8 | | Gottlieb, Chapter 7 Trustee for Fulcrum 5,<br>Inc. |

DOCS_LA:278819.1 47516/003

5

# DECLARATION OF STEVEN J. KAHN

I, STEVEN J. KAHN, declare:

1. I am an attorney at law duly licensed to practice before all courts in the state of California and in this District. I am of counsel to the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys for the Trustee (and Plaintiff) in the within adversary proceeding. The facts stated herein are of my own personal knowledge, or were obtained by me from a review of the books, records and files maintained by me as counsel for the Trustee. If called upon as a witness, I could and would competently testify thereto.

2. Exhibit "A" to the Complaint is a settlement agreement styled "Confidential" and contains broad confidentiality provisions. As noted in the Complaint at p. 3, fn. 1, Exhibit "A" was not attached to the Complaint for that reason. Defendant Cumberland has not agreed that same can be filed in open Court and has asserted in its *Amended Motion for More Definitive Statement Pursuant to FRCP 12(e)* [Docket No. 10] that it is impeded in filing an answer to the Complaint by reason of its need to reference Exhibit "A."

3. On June 16, 2014, Defendants Cumberland Packing Corp. and JEM Partners, LLC ("Defendants") and the Trustee entered into a *Stipulation Regarding Confidentiality* (the "Stipulation"), which was filed that date by Defendants [Docket No. 18], followed on June 17, 2014 by the lodgment of a *Protective Order Approving Stipulation Regarding Confidentiality* [Docket No. 19] (the "Protective Order"), which Order was entered by the Court on June 23, 2014 [Docket No. 24]. The Stipulation was entered, in part, to facilitate the filing of documents and pleadings under seal that contain information declared by a party to be confidential.

4. The Trustee therefore moves the Court for an order pursuant to Local Bankruptcy Rule 5003-2(c) to file under seal a copy of Exhibit "A" to the Complaint filed in this adversary proceeding.

5. It is respectfully submitted that good cause exists for the filing of Exhibit "A" to the Complaint under seal in that public revelation would violate both the terms thereof and the Protective Order issued by the Court in this adversary proceeding, and entered so as to protect Defendants' and non-parties' interests in the information divulged or discussed therein.

DOCS_LA:278819.1 47516/003                                6

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 24th day of June, 2014, at Los Angeles, California.

STEVEN J. KAHN

# **PROOF OF SERVICE**

STATE OF CALIFORNIA  )
COUNTY OF LOS ANGELES  )
                       )

I, Sherry Ploussard, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067-4100.

On June 24, 2014, I caused to be served the **MOTION OF PLAINTIFF TO FILE EXHIBIT "A" TO COMPLAINT UNDER SEAL** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

Robert J. Parks
Robert K. Edmunds
Buchanan Ingersoll & Rooney LLP
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on June 24, 2014, at Los Angeles, California.

_____
Sherry Ploussard

DOCS_LA:168138.1 52063/004